UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LEE ELLEN MOZINGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:07-CV-131 |
| | ) | (VARLAN/GUYTON) |
| MONTEREY MUSHROOMS, INC. and | ) | |
| MERRY BARNES, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This is an action brought under the Tennessee Human Rights Act ("THRA") as well as for defamation and interference with contractual relations arising out of the plaintiff's alleged termination of her employment with defendant Monterey Mushrooms, Inc. It was removed to this Court on the basis of diversity of citizenship from the Circuit Court for Loudon County, Tennessee. Currently pending is plaintiff's Motion for Remand to State Court [Doc. 5] on the ground that there is not complete diversity of citizenship between the parties. Because defendants have failed to meet their burden of proving fraudulent joinder and on the face of the complaint diversity of citizenship does not exist plaintiff's motion to remand this action to the Circuit Court for Loudon County [Doc. 5] is hereby **GRANTED**.

Plaintiff Lee Ellen Mozingo was a former employee of defendant Monterey Mushrooms, Inc. In her complaint she alleges that defendant Merry Barnes, between January 2006 and May 2006 contacted the general manager of the plant of Monterey Mushroom, Inc.

falsely accusing Ms. Mozingo of having an affair with her husband Owen Barnes, another manager at the plant. Plaintiff alleges that plaintiff Barnes made at least two telephone calls to the facility manager, visited the facility on at least two occasions, and "generally spread her lies to anyone at the mushroom plant who would listen." Ultimately, plaintiff contends that she was terminated from her employment because of the false accusations made by defendant Barnes. Plaintiff filed this action on March 7, 2007, alleging two theories of recovery against defendant Barnes: defamation and tortious interference with contract. Defendants contend that defendant Barnes was joined as a defendant only as a method of defeating this court's diversity of jurisdiction.

"When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999). The burden of proving fraudulent joinder is on the defendants. *See* Id. Under the doctrine of fraudulent joinder, the inquiry is whether the plaintiff had at least a colorable cause of action against Ms. Barnes in the Tennessee state courts. *Id.* Upon a careful review of the complaint, the Court finds that the defendants have failed to meet their burden of proving fraudulent joinder. Initially, the defendants contend that plaintiff's defamation claim against defendant Barnes is barred by the applicable six month statute of limitations set forth in T.C.A. § 28-3-103. That may be true. However, the Court notes that the statute of limitations is an affirmative defense which if not timely raised may be waived. *See* Rule 8(c) Federal Rules of Civil Procedure.

2

Accordingly, at the time the plaintiff filed her defamation complaint, it was at least a colorable claim. In addition, the Court finds that the plaintiff at least stated a colorable claim of state law intentional interference with contractual relations against defendant Barnes. The defendants contend that plaintiff was not fired, but rather resigned from her job. However, the complaint alleges that the plaintiff was terminated from her employment; accordingly, the circumstances surrounding plaintiff's termination raise a question of fact. On the face of the complaint plaintiff at least presented a colorable claim of interference with contractual relations against defendant Barnes.

In light of the foregoing plaintiff's Motion to Remand to State Court [Doc. 9] is hereby **GRANTED** and this action is remanded to the Circuit Court for Loudon County, Tennessee.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE